IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACK WADE WARREN,
# 13477-077,

**Petitioner,**

vs.

JEFFREY S. WALTON,

**Respondent.** Case No. 14-cv-1412-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jack Wade Warren, who is an inmate in the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] Warren is currently housed in the Communications Management Unit ("CMU") at USP-Marion. In the petition, he generally challenges the creation of the CMU, his placement in the CMU, and the systematic screening of his communications, among other things.[2] More specifically, Warren claims that prison officials committed a federal crime by intercepting communications from him that relate to his federal tax obligation. Warren now seeks an order enjoining this allegedly criminal conduct, returning certain documents to him, and transferring him out of the CMU.

---

[1] Warren filed his original Section 2241 petition (Doc. 1) on December 24, 2014. The petition did not include a "conclusion" section. Before the Court conducted its preliminary review of the original petition, Warren filed a request to amend petition (Doc. 5) in order to add this section. Along with the motion, he provided a copy of the proposed "conclusion" (Doc. 5, p. 2). Given the timing of this request, the motion shall be granted, and the conclusion (Doc. 5) shall be considered along with the original petition (Doc. 1) in this memorandum and order.

[2] Warren also raises a number of Eighth and Fourteenth Amendment claims without providing specifics.

This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. As discussed in more detail below, Warren is not entitled to relief under Section 2241. Accordingly, the petition shall be **DISMISSED**.

## I. Background

In the petition, Warren alleges that he is currently serving a term of 451 months' imprisonment for unspecified convictions (Doc. 1, p. 2). Relevant to the instant petition, the Court located numerous convictions for fraud, conspiracy to threaten/injure an officer/juror/witness to impede the administration of justice, and threatening mail communications. *See, e.g., United States v. Warren*, Case No. 95-cr-209-ACC (M.D. Fla., filed Sept. 20, 1995); *United States v. Warren*, Case No. 96-cr-064-SDM-TBM-9 (M.D. Fla., filed March 15, 1996). Given the nature of these convictions, it is not surprising that Warren has been placed in the Communications Management Unit ("CMU") at USP-Marion.

In 2009, Warren filed two Section 2241 petitions[3] in this District that set forth claims related to the instant petition. *See Warren v. Hollingsworth*,

---

[3] He also filed a third Section 2241 petition, raising claims that are unrelated to the instant habeas action. *See Warren v. Hollingsworth*, Case No. 09-cv-905-DRH (S.D. Ill. 2009).

Case No. 09-cv-666-JPG (S.D. Ill. 2009) (Doc. 1); *Warren v. Hollingsworth*, Case No. 09-cv-726-JPG (S.D. Ill. 2009) (Doc. 1). In both, Warren challenged the regulations relied on by the Federal Bureau of Prisons in creating the CMU, his placement in the CMU, and the issuance of disciplinary reports against him, among other things.

On December 11, 2009, Warren's petition in Case No. 09-cv-666 was dismissed with prejudice, after the Court found that his claims essentially relate to the conditions of his confinement and could not be addressed in a habeas action. *See Warren v. Hollingsworth*, Case No. 09-cv-666-JPG (S.D. Ill. 2009) (Doc. 7). The Court administratively closed Case No. 09-cv-726 on the same day because the petition filed therein was duplicative of the petition that he filed in Case No. 09-cv-666. *See Warren v. Hollingsworth*, Case No. 09-cv-726-JPG (S.D. Ill. 2009) (Doc. 6).

On March 7, 2011, Warren filed a Petition for Order of Injunction pursuant to 28 U.S.C. § 1331 in this District. *See Warren v. United States, et al.*, Case No. 11-cv-149-JPG (S.D. Ill. 2011). In the petition, Warren accused USP-Marion officials of intercepting his communications with the Internal Revenue Service and the Department of Treasury. He sought what was, in essence, a preliminary injunction. However, he failed to file a complaint.

The Court denied Warren's request for injunctive relief and set a deadline for filing a complaint. *Id.* (Doc. 5). While preparing his complaint, Warren also found time to file numerous other pleadings that accused the Judge of criminal

conduct, making false statements, and willfully refusing to perform the duties of his office. In addition, Warren attempted to file a false lien against the Judge in the amount of $100,000,000.00. *Id.* (Doc. 15). Although Warren ultimately met the deadline for filing his complaint, the District Court did not reach the merits of his claims. Instead, the action was dismissed with prejudice as a sanction against Warren for repeatedly filing harassing and vexatious pleadings. *Id*. (Doc. 16).

## II.     Habeas Petition

Nearly three years have passed since Warren last filed an action in this District. However, the instant petition recycles the same arguments that Warren already raised in earlier actions. To the extent that the Court can discern any coherent arguments, they appear to be entirely redundant. *See Warren v. United States, et al.*, Case No. 11-cv-149-JPG (S.D. Ill. 2011); *Warren v. Hollingsworth*, Case No. 09-cv-666-JPG (S.D. Ill. 2009) (Doc. 1); *Warren v. Hollingsworth*, Case No. 09-cv-726-JPG (S.D. Ill. 2009) (Doc. 1).

According to the petition, Warren is currently housed in USP-Marion's CMU. He questions the regulations relied upon by the BOP in creating the CMU (Doc. 1, p. 2). He also seeks a transfer out of the CMU (Doc. 1, p. 6). Warren objects to a number of conditions in the CMU, including the issuance of disciplinary tickets against him and the monitoring of his communications without his consent (Doc. 1, pp. 2-5). Warren also alludes to several other unconstitutional conditions of confinement claims, which he asserts amount to

cruel and unusual punishment under the Eighth Amendment or violate his right to equal protection of the law under the Fourteenth Amendment (Doc. 1, p. 5).

The focus of Warren's petition is a complaint that USP-Marion officials effectively prevented him from meeting his federal tax obligation when they intercepted his communications with the United States Department of Treasury, Secretary of Treasury, and Internal Revenue Service (Doc. 1, p. 7). These communications include tax forms and tax payment receipts. Warren maintains that this conduct amounts to mail theft, in violation of federal law. He blames Warden Walton for refusing to report this criminal conduct and for participating in the mail interception scheme.

Plaintiff now seeks to enjoin what he characterizes as "obstructions of the internal revenue law" (Doc. 5, p. 2). He requests the return of these documents and a transfer out of the CMU (Doc. 1, p. 6).

### III. Discussion

This Court is obligated to independently evaluate the substance of Warren's claims to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or

probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

Warren brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. However, what he actually seeks is a different program, location, or environment. Warren wishes to be transferred out of USP-Marion's CMU, where his communications will not be monitored as strictly. His claims are, at their core, challenges to the conditions of his confinement.

The Court previously explained this to Warren in a dismissal order that was entered in Case No. 09-cv-666. *See Warren v. Hollingsworth*, Case No. 09-cv-666-JPG (S.D. Ill. 2009) (Doc. 7). There, the Court stated:

> In the instant case, Petitioner merely seeks a change in the amount and type of restrictions under which he lives while confined at USP-Marion. Specifically, Petitioner wishes to be freed from the restrictions and limitations imposed on him while housed in CMU in favor of the restrictions and limitations imposed on prisoners held in general population at USP-Marion. Even if Petitioner is relieved of the more onerous conditions of life in the CMU, though, it will not shorten his prison term by a single day. Nor does such a change effect a quantum change in his custody. Petitioner will remain a federal inmate at USP-Marion (or whatever facility he may be

> transferred to next) until his prison term is served. General population at Marion may be "nicer" than CMU, but USP-Marion is still a prison with cells, bars, and significant restraints on inmates. As such, the instant petition challenges the conditions of Petitioner's confinement . . . [and] a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not the proper vehicle for attacking conditions of confinement.

*Id.* (Doc. 7, p. 4). The same rationale still applies.

Warren's claims relate to the conditions of his confinement. He generally challenges his placement in the CMU. He also challenges the restrictions placed on his communications there. He maintains that his communications should not have been intercepted by prison officials, particularly those that relate to his federal income taxes. Warren vaguely alludes to other conditions in the CMU that allegedly violate the Eighth Amendment prohibition against cruel and unusual punishment. Finally, he mentions an equal protection claim under the Fourteenth Amendment. Such claims cannot be addressed in a habeas action.

Warren's claims are more akin to those raised by a federal prisoner in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). While courts have, in the past, construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has made it clear that district courts should not resort to this practice. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). This is particularly true where conversion of the case may lead to unfavorable consequences for Warren under the Prison

Litigation Reform Act. *See generally Bunn*, 309 F.3d at 1004-07. These consequences include possible exhaustion defenses, whether Warren has named the correct defendants, and whether he is able to pay the proper filing fee for the action (presently $400.00), as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). For these reasons, the Court will not re-characterize the instant habeas petition as a complaint brought pursuant to *Bivens*, and it offers no opinion regarding the merits of Warren's *Bivens* claims.

### IV. Pending Motions

As previously discussed, Warren's request to amend petition for writ of habeas corpus (Doc. 5) is hereby **GRANTED**.

In addition, the Court orders the **CLERK** to **STRIKE** the notice of acceptance of official's oath of office (Doc. 3) and return it to Warren. This is due, in part, to the fact that he failed to sign the pleading, as required by Federal Rule of Civil Procedure 11. Rule 11 provides, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."

More to the point, Warren should not have filed this document in the first place, and he should be keenly aware of this prohibition. The document is not unlike those that Warren filed in his last case in this District--a case that was dismissed with prejudice as a sanction for filing harassing and vexations pleadings. *See Warren v. United States, et al.*, Case No. 11-cv-149-JPG (S.D. Ill. 2011) (Doc. 16). Warren was repeatedly warned in that case that he would be

sanctioned for submitting documents to the Court that include accusations against "any" Judge or otherwise impugn the integrity of the judicial process. *Id.* (Docs. 14, 16, 19). The Court now finds that the Document 3 qualifies as such a document. Therefore, should Warren attempt to re-file a signed version of this document, he will be sanctioned. Sanctions may include a monetary fine and filing restrictions. Plaintiff is hereby **ORDERED** to desist from such filings in this, or any other, action filed in this District.

## V.     Disposition

**IT IS HEREBY ORDERED** that the instant habeas petition is summarily **DISMISSED** on the merits with prejudice. Respondent **JEFFREY S. WALTON** is also **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion

filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[4] appeal deadline.  To appeal the dismissal of a Section 2241 petition, it is not necessary for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 16th day of January, 2015

David R. Herndon
2015.01.16
12:02:49 -06'00'

**District Judge**
**United States District Court**

---

[4] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).