IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK WADE WARREN, <br> # 13477-077, <br><br> Petitioner, <br><br> vs. <br><br> JEFFREY S. WALTON, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-01412-SMY <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Jack Wade Warren is currently incarcerated in the United States Penitentiary at Marion, Illinois ("USP-Marion"). He is housed in the Communications Management Unit. On December 24, 2014, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). On January 6, 2015, he supplemented the petition with an amendment (Doc. 5). On January 16, 2015, the district court dismissed the petition on the merits (Doc. 6).[1] Judgment was entered the same day (Doc. 7).

Now before the Court is Warren's "Motion for Reconsideration Pursuant to FRCP Rule 60(b)(6)," which he filed on January 26, 2015 (Doc. 8). Warren also filed five related documents,[2] after judgment was entered in this matter:

(1)  Notice Pursuant to Title 26 CFR § 301.6323(g)" (Doc. 9);

(2)  Notice of Fault and Opportunity to Cure Fault Pursuant to Title 26 U.S.C.S. § 7214.(a)(3), (4), (5), (6), (8) (Doc. 10);

---

[1] United States District Judge David R. Herndon issued the order dismissing the petition. He subsequently recused himself from this case, and it was reassigned to the undersigned district judge (Doc. 13).

[2] Although Warren has not specifically identified himself as a sovereign citizen, his pleadings bear the hallmarks of a sovereign citizen and are often signed by other prisoners who self-identify as such.

(3) Affidavit/Declaration of Jack Warren of Criminal Liability Pursuant to Title 26 U.S.C.S. § 7214.(a)(3), (4), (5), (6), (8), and in accordance with Title 26 CFR § 1.468B-1(c)(2)(ii) provisions (Doc. 11);

(4) Notice of Registration of Claim Pursuant to Federal Rules of Civil Procedure Rule 24.(a)(1), (2), which includes notice of an administrative claim for damages of $200,000,000.00 against the United States Government under the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671 et. seq. (Doc. 12); and

(5) Affidavit/Declaration of Jack Warren of Criminal Liability Pursuant to Title 26 USCS Section 7214.(a)(3), (4), (5), (6), (8), and in accordance with Title 26 CFR § 1.468B-1(c)(2)(ii) provisions (Doc. 14).

For the reasons that follow, Warren's "motion for reconsideration" (Doc. 8) will be denied. All related documents (Docs. 9-12, 14) will be stricken from the record.

## Procedural History

According to his Section 2241 petition, Warren is currently serving a term of 451 months' imprisonment for unspecified convictions (Doc. 1, p. 2). The Court located numerous convictions for fraud, conspiracy to threaten/injure an officer/juror/witness to impede the administration of justice, and threatening mail communications. *See, e.g., United States v. Warren*, Case No. 95-cr-209-ACC (M.D. Fla., filed Sept. 20, 1995); *United States v. Warren*, Case No. 96-cr-064-SDM-TBM-9 (M.D. Fla., filed March 15, 1996). Warren is serving his sentence in the Communications Management Unit ("CMU") at USP-Marion.

The petition recycles many of the same arguments that Warren previously raised in earlier actions that were dismissed with prejudice. *See Warren v. United States, et al.*, Case No. 11-cv-149-JPG (S.D. Ill. 2011) (Doc. 1); *Warren v. Hollingsworth*, Case No. 09-cv-666-JPG (S.D. Ill. 2009) (Doc. 1); *Warren v. Hollingsworth*, Case No. 09-cv-726-JPG (S.D. Ill. 2009) (Doc. 1). He contends that USP-Marion officials effectively prevented him from meeting his federal tax obligation when they intercepted his communications with the United States

Department of Treasury, Secretary of Treasury, and Internal Revenue Service (Doc. 1, p. 7). These communications include tax forms and tax payment receipts. Warren maintains that this conduct amounts to mail theft, in violation of federal law. He blames Warden Walton for refusing to report this criminal conduct and for participating in the mail interception scheme. Warren seeks return of the documents and transfer out of the CMU (Doc. 1, p. 6). In addition, he recycles old claims challenging the conditions in the CMU as amounting to "cruel and unusual punishment" under the Eighth Amendment and denial of his Fourteenth Amendment right to equal protection of the law (Doc. 1, pp. 2-6).

Warren's petition was dismissed with prejudice. At its core, the petition did not seek relief that is available to Warren under 28 U.S.C. § 2241. A petition seeking habeas relief is appropriate under Section 2241 when a petitioner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A habeas corpus petition is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999). The remedies Warren seeks do not include any shortening of his sentence. He does not ask to "get out" of custody. Instead, he seeks transfer out of the CMU, prosecution of the respondent and other prison officials for violating IRS statutes, the return of his documentation, and an injunction against "obstructions of the internal revenue law" (Doc. 1, p. 6; Doc. 5, p. 2). *See Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005) (utilizing a remedies-based analysis to determine if habeas or a civil rights action is the proper vehicle for a claim). The remedy for such constitutional violations is not release from prison or the alteration of Warren's sentence. Therefore, Warren's claims cannot be addressed in a habeas action.

Case 3:14-cv-01412-SMY   Document 15   Filed 04/02/15   Page 4 of 9   Page ID #84

Instead, the Court found that Warren's claims are more akin to those raised by a federal prisoner in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The Court declined to re-characterize the habeas petition as a complaint brought pursuant to *Bivens* or offer an opinion regarding the merits of such claims because the Seventh Circuit discourages district courts from resorting to this practice. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).  The habeas petition was dismissed with prejudice.

## Discussion

A.  **Motion for Reconsideration**

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure.  However, such motions are routinely filed, and they are generally treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b).  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. For instance, Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).  By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, *inter alia*: mistake, surprise, or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion.

In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze post-judgment motions based on their

Page **4** of **9**

*substance* as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Therefore, this Court assesses motions to reconsider, particularly those drafted by *pro se* litigants, based on their substance--i.e., the reasons for relief articulated by the movant--as opposed to the title the movant chose for the motion or merely the date on which he filed the motion.

Warren's motion was filed within 28 days from entry of the order of dismissal and judgment. In support of his motion, Warren cites Rule 60(b)(6), which is a catchall provision for relief from judgment. He contends that the district court refused to consider all of the facts when denying his petition. He points a single reference to the loss of good-time credit in the amendment to his petition (Doc. 5, p. 2). In doing so, Warren attempts to recast the entire petition as one focused on a loss of good-time credits, which is cognizable under federal habeas law (Doc. 5, p. 2).

Relief under Rule 60(b)(6) is an "extraordinary remedy" and should be granted only in "exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.,* 570 F.3d 845, 848 (7th Cir. 2009) (quotations omitted); *see also Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) ("extraordinary circumstances" are required to justify reopening of a judgment under Rule 60(b)(6)). The narrow operation of this provision reinforces our interest in barring the use of Rule 60(b)(6) as a substitute for direct appeal. Warren's theory of error is frivolous and certainly falls short of presenting those "extraordinary circumstances" that would warrant relief under Rule 60(b)(6). The thrust of Warren's petition is, and always has been, a challenge to his placement in the CMU, the interception of his written communications (particularly those

relating to the IRS), and his desire to criminally prosecute the respondent and other responsible officials for their involvement in the interception of his mail. A single reference to a loss of good-time credits in Warren's amendment to the petition (Doc. 5, p. 2) does not shift the focus of his petition. Even he makes this clear when alluding to the loss of good-time credits: "Albeit, **Petitioner seeks an immediate relief from the subjugation to the Communication Management Unit's employees' criminal acts**, who have in fact manufactured circumstances associated with petitioner's correspondence regarding internal revenue transactions as a pretext to create accounts receivable, i.e., (Disciplinary Incident Reports), that have forfeited statutory good-time, resulting in loss of freedom. . . ." (Doc. 5, p. 2). Despite this single reference, however, Warren does not ask the Court to restore lost good-time credits or alter the fact or duration of his confinement. He seeks return of his documentation, a "cease and desist" order, and a transfer out of the CMU, among other changes to the conditions of his confinement (Doc. 1, p. 6). He also seeks the imposition of criminal charges against the respondent and other prison officials. Accordingly, federal habeas law cannot provide him with relief. Upon review, this Court is satisfied that the rational for dismissing the petition is legally sound. Moreover, Warren's motion is legally and factually frivolous under Rule 60 and Rule 59(e), and will, therefore, be denied.

B.     Sanctionable Filings

The documents filed in connection with the motion for reconsideration, including Documents 9, 10, 11, 12, and 14, are also frivolous and will be stricken from the record. Nevertheless, those documents warrant further discussion in light of Warren's history of frivolous, harassing pleadings.

Setting aside the fact that judges have absolute immunity from suit as long as they were acting within their jurisdiction and that it is even a criminal offense, 18 U.S.C. § 1521, to retaliate against a federal judge by filing a false claim, lien or encumbrance on account of the judge's performance of official duties, Warren cannot be permitted to continue to file harassing pleadings unchecked.  *See, e.g.,Warren v. United States, et al.*, Case No. 11-cv-149-JPG (S.D. Ill. 2011) (Doc. 16) (dismissing case with prejudice as sanction for repeatedly filing harassing and vexatious pleadings).

Courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. *See Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).  In *Alexander*, the Court warned that if the petitioner filed any further frivolous habeas petitions he would be fined $500; the fine would have to be paid before any other civil litigation be allowed to be filed, and any habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court.

Consistent with *Alexander* and *Mack*, Warren was specifically warned in the dismissal order to refrain from filing harassing and vexatious pleadings in this action (Doc. 6, pp. 8-9). The district court entered an order striking Document 3 because it fell within this category of pleadings.  Warren flagrantly disregarded the Court's warning, instead filing five similar documents (Docs. 9-12, 14) in rapid succession.  The Court will not tolerate this conduct.

Warren will now be given an opportunity to show cause why he should not be sanctioned for filing the following documents: (1) Notice Pursuant to Title 26 CFR § 301.6323(g)" (Doc. 9); (2) Notice of Fault and Opportunity to Cure Fault Pursuant to Title 26 U.S.C.S. § 7214.(a)(3), (4), (5), (6), (8) (Doc. 10); (3) Affidavit/Declaration of Jack Warren of Criminal Liability

Pursuant to Title 26 U.S.C.S. § 7214.(a)(3), (4), (5), (6), (8), and in accordance with Title 26 CFR § 1.468B-1(c)(2)(ii) provisions (Doc. 11); (4) Notice of Registration of Claim Pursuant to Federal Rules of Civil Procedure Rule 24.(a)(1), (2), which includes notice of an administrative claim for damages of $200,000,000.00 against the United States Government under the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671 et. seq. (Doc. 12); and (5) Affidavit/Declaration of Jack Warren of Criminal Liability Pursuant to Title 26 USCS Section 7214.(a)(3), (4), (5), (6), (8), and in accordance with Title 26 CFR § 1.468B-1(c)(2)(ii) provisions (Doc. 14).

More specifically, the contemplated sanction is: a $500 fine, to be paid before any other civil litigation be allowed to be filed; the Clerk of Court would be directed to return all civil filings unfiled until the sanction is paid, and all habeas corpus filings would be summarily dismissed thirty days after filing unless otherwise ordered by the Court. Documents submitted in connection with any appeal would be excluded from the sanction.

### Disposition

**IT IS HEREBY ORDERED** that, Warren's Rule 60(b)(6) motion for reconsideration (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Documents 9, 10, 11, 12, and 14 shall be **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that on or before **April 23, 2015**, Warren shall **SHOW CAUSE** why he should not be sanctioned for filing the frivolous and harassing pleadings listed above (Docs. 9-12, 14).

Petitioner is **ADVISED** that any appeal must be commenced within 60 days from the date of entry of this order. *See* FED. R. APP. P. 4(a)(1)(B)(iii). It is not necessary for petitioner to obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  April 2, 2015**

                                            **s/ STACI M. YANDLE**
                                            **STACI M. YANDLE**
                                            **United States District Judge**